Louis B. **MARTINEZ**, Plaintiff,

v.

**UNITED STATES of America,**
Defendant.

Civ. A. No. 67–C–400.

United States District Court
D. Colorado.

Aug. 28, 1969.

Charles S. Vigil, Denver, Colo., for plaintiff.

James L. Treece, U. S. Atty., Denver, Colo., for defendant.

## MEMORANDUM OPINION AND DECREE

CHILSON, District Judge.

This action was instituted by the plaintiff to require the defendant to deliver

water to the plaintiff's premises to irrigate a portion of his land. The parties have entered into a stipulation of all facts necessary for a determination of this action and a statement of the issues to be determined by the Court.

From the stipulated facts and the exhibits attached thereto, the Court finds that the defendant, as trustee for the Southern Ute Indian Tribe, operates the Pine River Indian Irrigation Project, which delivers water to the Southern Ute Indian Reservation and allotted Indian lands for irrigation purposes. The water is diverted from Pine River, stored in Vallecito Reservoir, transported from the reservoir through the Pine River Canal to the Ute Creek Lateral, which then delivers the water to the water users.

The Pine River Canal is, owned and operated by the Pine River Canal Company and the Spring Creek Extension Ditch Company, private corporations organized for the purpose of carrying water for the use of their share holders. Under a carriage agreement with the United States, dated October 5, 1929, the Pine River Canal carries 40 second feet of water from Vallecito Reservoir to the Ute Creek Lateral, which is owned by defendant.

From 1929 to 1965, 40 second feet of water was more than enough to supply the needs of the reservation and the allotted Indian lands, and the surplus water was made available to adjoining lands including the lands of the plaintiff, which are the West one-half of the Southeast quarter and the South one-half of the Northeast quarter of Section 4, Township 33 North, Range 7 West, New Mexico Prime Meridian.

On April 1, 1929, an agreement to furnish water to these lands for the 1929 irrigation season was entered into between Francisco Martinez (the then owner of the plaintiff's land) and the United States (exhibit B) and similar contracts were entered into between the same parties for the irrigation seasons of 1930 to 1933, both inclusive. In 1934, an agreement, (exhibit C) was entered into between the United States and L. M. Salazar (who for a time owned the plaintiff's land) to furnish water for the 1934 irrigation season to the land now owned by plaintiff. In 1935, another agreement (exhibit D) was entered into between the same parties to supply water for the 1935 irrigation season and similar contracts were entered into between the same parties for the irrigation seasons of 1936 to 1941, both inclusive. During the years 1942 through 1965, water was delivered to the plaintiff's lands at the price stipulated in exhibit D, but no written contracts were executed for such delivery for those years.

Exhibit D, which is the form of the last written contract executed for the delivery of irrigation water to the plaintiff's lands, is in the form of a lease by the United States of water for the irrigation of 25 acres of the plaintiff's land " * * * under a temporary agreement with the party of the first part, (United States) which said agreement shall terminate with the close of the * * * " irrigation season. It also provides:

"The temporary delivery of irrigation water herein provided for * * * is not to be regarded as a recognition of or a guarantee by the said party of the first part (United States), that the said party of the second part has a valid water right of any nature whatsoever; it simply being the intention of this agreement that the said party of the first part will deliver to said party of the second part, under the regulations of its Pine River Indian Irrigation Project, such water, not exceeding $\frac{5}{16}$ths of one second foot of water as may be available from time to time, during the life of this agreement, which shall terminate with the close of the 1935 irrigation season of the aforesaid project."

Exhibit D calls for a payment by the water user to the United States of $2.00 per acre for the delivery of water for each irrigation season.

In 1966, due to an improvement project on the reservation, which made additional acreage available for irrigation, the entire 40 second feet delivered to the project through the Pine River Canal was needed for the irrigation of the Indian lands, and the United States refused to deliver to the plaintiff, any portion of this 40 second feet.

The plaintiff is the owner of an adjudicated right to divert water from Pine River and to store the same in the Vallecito Reservoir, but the plaintiff does not own any shares in the Pine River Canal Company, and consequently, has no right to use the Pine River Canal to transport his water from the Vallecito Reservoir to the Ute Creek Lateral. The United States is willing to carry water for the plaintiff in the Ute Creek Lateral if plaintiff can deliver his water to it.

The stipulation submits to the Court for determination the following issues:

A. Whether plaintiff has a right as against the United States to have water delivered to him from the 40 cubic feet per second carried for the United States in the Pine River Canal.

B. Whether the United States is liable to the plaintiff for its failure to deliver water to plaintiff since the 1965 irrigation season.

C. If the United States is liable, the extent of its liability.

D. Whether either the Southern Ute Tribe or the United States may be enjoined to deliver water to plaintiff.

Upon the stipulated facts, the Court concludes as a matter of law:

1. That the plaintiff has no right to have water delivered to him from the 40 second feet of water carried for the United States in the Pine River Canal, and that the plaintiff has no right, title, claim, or interest in and to any part of said 40 second feet of water or in the use thereof.

2. Defendant is not liable to the plaintiff for its failure to deliver water to the plaintiff since the 1965 irrigation season.

3. The plaintiff is not entitled to an injunction requiring the defendant or the Southern Ute Tribe to deliver water to the plaintiff.

4. The defendant is entitled to a judgment dismissing this action and for the defendant's cost to be taxed by the Clerk of the Court upon a filing of a bill of costs.

It is therefore ordered, adjudged, and decreed that judgment enter forthwith in favor of the defendant and against the plaintiff for a dismissal of this action and for the defendant's costs to be taxed by the Clerk of this Court upon the filing of a bill of costs.